UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| JAMES L. SAMUEL, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:25-cv-00021-GFVT |
| | ) |
| v. | ) |
| | ) |
| SHELLI CONYERS VOTAW, *et al.*, | ) **MEMORANDUM OPINION** |
| | ) **&** |
| Defendants. | ) **ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court for review of James L. Samuel's amended complaint. [R. 23]. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A. Samuel, an inmate at the Lee Adjustment Center, filed a *pro se* civil rights complaint on January 28, 2025, alleging that prison officials were deliberately indifferent to his serious medical needs. [R. 1]. The Court screened Samuel's original complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and permitted his individual-capacity claims against Defendants Stefany Hughes, Angel Price, and Ivan Krow to proceed and directed the United States Marshals Service to serve those defendants on Samuel's behalf. [R. 9].

Two days after Defendants Hughes and Krow filed an answer, Samuel sought leave to amend his complaint. [R. 17]. The Court granted Samuel's motion, advising Samuel that his new complaint must include all claims against all defendants and would become the operative pleading in the case. [R. 20]. Samuel filed an amended complaint on July 17, 2025 [R. 23], which the Court now screens pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Those provisions require dismissal of any claim that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. At

this stage, the Court accepts Samuel's factual allegations as true and construes his complaint liberally in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573-74 (6th Cir. 2003).

Samuel's complaint describes events alleged to have occurred at the Northpoint Training Center ("NTC") between December 4, 2023 and May 15, 2024, and the Little Sandy Correctional Center ("LSCC") from June 7, 2024 until the time of the complaint. Samuel names the following defendants: (1) Angel Price (NTC Director of Nursing); (2) Stefany Hughes (NTC "Deputy Warden of Medical"); (3) Shelly Conyers Votaw (Care Provider at NTC); (4) Dawn Patterson (Regional Medical Director); (5) Denise Burkett (Kentucky Department of Corrections Clinical Director); (6) Ivan Krow (LSCC Warden); and (7) Ms. Logan (Care Provider at LSCC).

Samuel alleges that he did not receive proper treatment for urinary tract and prostate infections while at NTC. Specifically, he contends that he was prescribed antibiotics that were not effective and he was denied access to an outside specialist. Samuel alleges that he eventually became septic and was "approved for a medical move to [LSCC]." [R. 23 at 4]. After his move to LSCC, Samuel visited an outside provider at St. Claire Regional Medical Center, who recommended a scan and a follow-up with another specialist. However, Samuel indicates that he was not permitted to have the scan or the follow-up and continues to experience pain and other symptoms. Samuel contends that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth and Fourteenth Amendments. He seeks $600,000 in compensatory damages and $100,000 in punitive damages.

The Court has reviewed Samuel's pleading and first dismisses his claims against defendants Price, Hughes, Patterson, and Burkett for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii). Although Samuel

generally alleges that each of these defendants was aware of his serious medical need and disregarded it, he does not include sufficient factual allegations to support such a claim. As best the Court can tell, these defendants did not have any direct involvement in Samuel's medical treatment but, instead, denied medical grievances Samuel filed when he believed his antibiotics were not working. [*See* R. 23 at 5-6; R. 1]. Simply denying an administrative grievance is insufficient to establish liability under 42 U.S.C. § 1983. *See Johnson v. Aramark*, 482 F. App'x 992, 993 (6th Cir. 2012).[1]

Next, the Court will dismiss Samuel's claim against LSCC Warden Ivan Krow. Samuel alleges that Krow was personally involved in denying Samuel the treatment recommended by an outside specialist, but he does not include any facts to support this allegation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that "detailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient). Moreover, as the Court has previously explained, defendants "can only be held liable for their own conduct" under 42 U.S.C. § 1983. *See DeCrane v. Eckart*, 12 F.4th 586, 604 (6th Cir. 2021). Thus, Krow cannot be held liable for the alleged constitutional violation simply because he is Warden of LSCC.

That being said, the Court will permit Samuel to proceed with his claims against Votaw and Logan and will require these defendants to respond to Samuel's complaint. Since Samuel has been granted pauper status, the Court will direct the United States Marshals Service

---

[1] Samuel's amended complaint indicates that he brings claims against Defendants Patterson and Burkett in their official capacities as well as their individual capacities because they made "official decisions as a final policy maker." [R. 23 at 9, 16.] However, as previously explained, Samuel cannot obtain money damages from state officers in their official capacities. *See* R. 9 (citing *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003); *Hensley v. Kampschaefer*, No. 3:07CV-P606-H, 2008 WL 347967, at *2-3 (W.D. Ky. Feb. 7, 2008); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

("USMS") to serve Votaw and Logan with summons and a copy of the complaint on Samuel's behalf.

Samuel recently filed a motion seeking the appointment of an expert witness. [R. 25]. This motion will be denied as premature. The defendants must have an opportunity to respond to Samuel's complaint and discovery will commence after that, if appropriate.

Accordingly, the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Samuel's motion to appoint an expert witness **[R. 25]** is **DENIED without prejudice**.

2. Samuel's § 1983 claims against Defendants Price, Hughes, Patterson, Burkett, and Krow are **DISMISSED**. These defendants are terminated as parties to this action.

3. Samuel may proceed with his § 1983 claims against Defendants Votaw and Logan.

4. A Deputy Clerk shall prepare two (2) Service Packets for service upon these defendants. Each Service Packet shall include:

    a. a completed summons form;

    b. a copy of Samuel's Amended Complaint [R. 23];

    c. a copy of this Order;

    d. a copy of the Order dated April 15, 2025 [R. 9]; and

    e. a completed USM Form 285.

5. A Deputy Clerk shall send the Service Packets to the USMS in Lexington, Kentucky and note the date of delivery on the docket.

6. The USMS shall personally serve one Service Packet on each of the following defendants: Shelly Conyers Votaw and Ms. Logan. The USMS shall serve Shelly

Conyers Votaw at the Northpoint Training Center, 710 Walter Reed Road, Burgin, Kentucky 40422. The USMS shall serve Ms. Logan at the Little Sandy Correctional Complex, 505 Prison Connector, Sandy Hook, Kentucky 41171. The USMS shall serve the defendants through arrangement with appropriate officials at the institutions.

7. Within 21 days after being served, each of these defendants must respond to Samuel's complaint. *See* Fed. R. Civ. P. 12.

8. Samuel must immediately advise the Clerk's Office, in writing, of any change in his mailing address. The Court will dismiss Samuel's complaint if he fails to do so.

9. At this point, the next step in the litigation is for the defendants to respond to Samuel's complaint. Thus, Samuel need not file any additional submissions at this time.

This the 5th day of August, 2025.

Gregory F. Van Tatenhove
United States District Judge